IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00031–REB–KMT

GABRIELE GUNDLACH,

     Plaintiff,

v.

MARIA MORA (Social Worker at CMHIP in her personal capacity),
PAMELA JONES (Charge Nurse at CMHIP in her personal capacity),
DR. EUGENE MCGUINN (Physician at CMHIP in his personal capacity),
DR. MYRA KAMRAN (Psychologist at CMHIP in her personal capacity), and
DEBRA CROSSER (Clerk of the Boulder County Combined Courts in her official and personal capacities,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

     This case comes before the court on "Defendants' Motion to Dismiss" (Doc. No. 15 [Mot. Dismiss], filed April 26, 2013), to which Plaintiff filed her response on May 20, 2013 (Doc. No. 22 [Resp. Mot. Dismiss]) and Defendants filed their reply on May 30, 2013 (Doc, No. 25 [Reply Mot. Dismiss]).

     Also before the court is Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 23 [Mot. Amend], filed May 20, 2013), to which Defendants filed their response on May 31, 2013 (Doc. No. 26 [Resp. Mot. Amend]) and Plaintiff filed her reply on June 17, 2013 (Doc. No. 27 [Reply Mot. Amend]).  These motions are ripe for recommendation and ruling.

**STATEMENT OF THE CASE**

The following allegations are taken from Plaintiff's Amended Complaint. (Doc. No. 13 [Am. Compl.], filed April 9, 2013.) On July 19, 2011, Plaintiff, proceeding *pro se*, was convicted of various offenses arising from an October 2010 automobile accident. (*See id.*, ¶¶ 6–7, 9.) On August 1, 2011, a public defender entered her appearance in Plaintiff's criminal cases. (*Id.*, ¶ 21.) Prior to Plaintiff's sentencing hearing, on August 25, 2011, the Boulder County Court ordered Plaintiff to undergo a psychiatric evaluation. (*Id.*, ¶ 22.) On October 14, 2011, following an evaluation by a physician at the Colorado Mental Health Institute at Pueblo ("CMHIP"), the Boulder County Court found Plaintiff incompetent to proceed and ordered her transported to the custody and supervision of the CMHIP. (*Id*, ¶¶ 24–25.)

Though unclear from the Amended Complaint, it appears the medical personnel at CMHIP suspected Plaintiff had breast cancer. (*See id.*, ¶¶ 24, 26, 34, 41.) Plaintiff disagreed with the course of treatment CMHIP "[tried] to force on her." (*Id.*, ¶ 39.) Plaintiff states she did not want invasive surgery and wanted to be treated by a physician at Rose Medical Center. (*Id.*, ¶ 41.) Plaintiff alleges CMHIP refused to transport her to Rose Medical Center because it has had a pre-existing relationship with University Hospital. (*Id.*, ¶ 42.) Plaintiff alleges CMHIP personnel scheduled a biopsy, without her consent, to occur on January 3, 2013. (*Id.*) Plaintiff states she called University Hospital and cancelled the biopsy before she was transported on January 3, 2013. (*Id.*) Plaintiff states that CMHIP forcibly transported her to University Hospital on January 3, 2013, for a biopsy; however, once there Plaintiff refused any treatment. (*Id.* at 42, 50.) Based on these allegations, Plaintiff asserts that Defendants Kamran, Jones, and

2

Mora violated her Fourth Amendment rights.[1]  (*Id.* at 22–24.)  Plaintiff seeks damages and

declaratory relief.  (*Id.* at 22–23.)

Plaintiff also alleges Defendant Crosser, the Boulder County Clerk of Court, refused to

allow Plaintiff's counsel to view confidential portions of documents in Plaintiff's criminal cases.

(*Id.*, ¶ 46.)  Plaintiff asserts Defendant Crosser continued to mail pleadings and notices from her

criminal cases to Plaintiff at her home address in Boulder "even though the DA knows that

Plaintiff has been incarcerated at the CMHIP for the last 18 months."  (*Id.*, ¶ 47.)  Based on these

allegations, Plaintiff alleges claims that Defendant Crosser violated her right to due process, her

right to counsel, and her right to access courts.  (*Id.*, ¶¶ 46, 47; *id.* at 24–26, 27, ¶ (4).)  Plaintiff

seeks declaratory and injunctive relief.  (*See id.* at 24–27.)

## LEGAL STANDARD

### 1.    *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for

lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is

not a judgment on the merits of a plaintiff's case.  Rather, it calls for a determination that the

court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than

the allegations of the complaint.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)

(recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction

---

[1]Plaintiff also alleges she filed her original complaint in this Court on January 4, 2013, and the CMHIP defendants retaliated against her by stripping her of her privileges.  (*Id.*, ¶ 48.) However, Plaintiff does not assert a claim for relief related to this allegation.

when specifically authorized to do so).  The burden of establishing subject matter jurisdiction is

on the party asserting jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th

Cir. 1974).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings

in which it becomes apparent that jurisdiction is lacking."  *See Basso*, 495 F.2d at 909.  The

dismissal is without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.

2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that

dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice

is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the

complaint, without regard to mere conclusionary allegations of jurisdiction."  *Groundhog v.

Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however,

the Court may consider matters outside the pleadings without transforming the motion into one

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a

party challenges the facts upon which subject matter jurisdiction depends, a district court may

not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion

to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to

resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id*.

**2.      *Failure to State a Claim Upon Which Relief Can be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6)

(2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.

Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 1949 (citation omitted).  "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 129 S. Ct. at 1949

(citation omitted).

## 3.      *Amendment of Pleadings*

Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so

requires." Fed. R. Civ. P. 15(a).  The grant or denial of an opportunity to amend is within the

discretion of the court, but "outright refusal to grant the leave without any justifying reason

appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and

inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d

1357, 1365 (10th Cir. 1993).  Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which
> one misstep by counsel may be decisive to the outcome and accept the principle
> that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).

**ANALYSIS**

*1.      Claims Against Defendant Crosser for Injunctive and Declaratory Relief*

Defendants move to dismiss Plaintiff's claims for injunctive and declaratory relief

asserted against Defendant Crosser.

"Where a plaintiff seeks both an injunction and declaratory relief, the district court has a

duty to decide the appropriateness and the merits of the declaratory request irrespective of its

conclusion as to the propriety of the issuance of an injunction." *Jordan v. Sosa*, 654 F.3d 1012,

1025 (10th Cir. 2011) (internal quotations omitted) (quoting *Super Tire Eng'g. Co. v.

McCorckle*, 416 U.S. 115, 121 (1974)).  "It is well established that what makes a declaratory

judgment action a proper judicial resolution of a case or controversy rather than an advisory

opinion is the settling of some dispute which affects the behavior of the defendant toward the

plaintiff." *Id.* (citations omitted).  In other words, "where a plaintiff seeks a declaratory

judgment against his opponent, he must assert a claim for relief that, if granted, would affect the

behavior of the particular parties listed in his complaint." *Id.*

Plaintiff seeks "a declaration that Debra Crosser's policy of making no effort to serve

incarcerated defendants at their correct address violates a criminal defendant's constitutional

rights to due process and access to the courts" (Am. Compl., ¶ 59) and that "Debra Crosser's

policy of denying defense counsel of record access to the entire court file and treating defense

counsel as just another member of the public with limited assess to court records as a member of

the public violates a criminal defendant's Fifth, Sixth and Fourteenth Amendment rights to due

process, effective assistance of counsel and access to the courts" (*id.*, ¶ 60).

7

Plaintiff states that all criminal charges against her have been dismissed and that she was released from the custody of the CMHIP on February 5, 2013. (*Id.*, ¶ 49.) Therefore, the declaratory relief she seeks would not affect her. Rather, Plaintiff seeks a declaration that would affect other incarcerated defendants and those defendants' counsel of record, none of whom are parties to the complaint. (*See id.*, ¶¶ 59–60.) To the extent Plaintiff seeks a retrospective opinion that Defendant Crosser wrongly harmed her, that is an impermissible use of a declaratory judgment. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (holding that a claim for declaratory relief was moot where the "primary claim of a present interest in the controversy is that [the plaintiff] will obtain emotional satisfaction from [the] ruling"); *Green v. Branson*, 108 F.3d 1296, 1299 (10th Cir. 1997) ("This 'legal interest' must be more than simply the satisfaction of a declaration that a person was wronged."). Therefore, her claims for declaratory relief against Defendant Crosser fail. Moreover, standing for injunctive relief requires a showing of a real or immediate threat of future harm and may not be predicated on past wrongs. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Therefore, Plaintiff lacks standing to bring an action for injunctive relief on behalf of others and herself.

Plaintiff's claims for injunctive and declaratory relief against Defendant Crosser properly are dismissed.

In her proposed Second Amended Complaint, Plaintiff alleges Defendant Crosser has violated her constitutional rights by

> failing to train and supervise her subordinates regarding access to court records. Her subordinates will deny counsel of record access to any portion of a criminal defendant's court file as if counsel of record is a member of the public. This

> violates criminal defendants access to the courts and also violates Colorado
> Supreme Court Chief Justice Directive 05-01.  Crosser stubbornly refuses to
> acknowledge that there is a problem, and refuses to take corrective action
> regarding her subordinates' unconstitutional action.  This is a persistent problem
> in Boulder County experienced by numerous counsel.

(Doc. No. 23-1, ¶ 4.e.)

As explained *supra*, a declaratory judgment is proper only when it "affects the behavior of the defendant toward the plaintiff" or "of the particular parties listed in his complaint." *Jordan*, 654 F.3d at 1025.  Plaintiff again seeks a declaration "that Debra Crosser's failure to train and supervise her subordinates results in treating defense counsel as just another member of the public, with limited assess to court records as a member of the public."  (Doc. No. 23-1, ¶ 59; 60(3).)  To the extent Plaintiff seeks a declaration that would affect her counsel and other criminal defendants' counsel of record, none of whom are parties to the complaint, the amendment would be subject to dismissal as futile and thus must be denied.  Moreover, to the extent Plaintiff seeks a retrospective opinion that Defendant Crosser wrongly harmed her, that is an impermissible use of a declaratory judgment, *see Mattis*, 431 U.S. at 172, and these amendments also must be denied.

In her proposed Second Amended Complaint, Plaintiff also alleges Defendant Crosser removed documents from the Court file (Doc. No. 23-1, ¶ 36) and that her staff refused to allow Plaintiff's counsel to review portions of Plaintiff's criminal case files that had been marked "Confidential" (*id.*, ¶ 46).  Plaintiff alleges Defendant Crosser, by failing properly to train her employees, has prevented her counsel from obtaining confidential medical and psychiatric evaluations and records which are necessary to allow Plaintiff to proceed with a civil

9

professional negligence case and to file a certificate of review, pursuant to Colo. Rev. Stat. § 13-20-602, if required.  (*Id.*, ¶ 47.)  As such, Plaintiff alleges she has been denied her First and Fourteenth Amendment rights to petition the courts for redress.  (*Id.*)

Before reaching the merits of Plaintiff's proposed claims for injunctive relief against Defendant Crosser[2], the Court must address its jurisdiction over the claims.  A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party."  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that the plaintiff's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.")  "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  *Church of Scientology*, 506 U.S. at 12 (internal quotation marks omitted).

In the reply in support of her Motion to Amend, Plaintiff concedes that Defendant Crosser "corrected the problem" after she was sued "and then insured that her subordinates understand what they are supposed to do."  (Reply Mot. Amend at 7.)  Thus, Plaintiff states she "is no longer seeking prospective injunctive relief against Ms. Crosser."  (*Id.*)  As such, Plaintiff

---

[2]Plaintiff titles her second claim "Claim for Declaratory Relief Against Debra Crosser" (Doc. No. 23-1 at 19); however, Plaintiff states she is suing Defendant Crosser for declaratory and injunctive relief (*id.*, ¶ 4.e.).

concedes that her claims for injunctive relief are moot.  Therefore, they would be subject to

dismissal as futile, and the proposed amendments should be denied.[3]

## 2.   *Failure to State a Fourth Amendment Claim*

Defendants Mora, Jones, and Kamran move to dismiss Plaintiff's Fourth Amendment

claim against them for Plaintiff's failure to state a claim upon which relief can be granted.

The Supreme Court has stated, "a 'seizure,' triggering the Fourth Amendment's

protections occurs only when government actors have, 'by means of physical force or show of

authority, . . . in some way restrained the liberty of a citizen.' " *Graham v. Connor*, 490 U.S.

386, 395 n.10 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)).  Here, however,

Plaintiff was already in the custody of the CMHIP, and her liberty had already been restrained.

Therefore there was no "seizure" for purposes of the Fourth Amendment merely for transporting

Plaintiff in a vehicle.  *See Balkum v. Sawyer*, No. F:06-CV-1467, 2011 WL 5041206, at *11

(N.D.N.Y. Oct. 11, 2011) (finding no seizure where plaintiff was already in custody against his

will when restraints were used); *Goldhaber v. Higgins*, 576 F. Supp. 2d 694, 718 (W.D. Pa.

---

[3]Though Plaintiff concedes that her claims for injunctive relief are moot, she continues to assert that Defendant Crosser should be liable for her employees' failure to provide Plaintiff's counsel access to her criminal files on January 4, 2013.  (*See id.*)  Even if her claims would not be subject to dismissal for lack of jurisdiction because Defendant Crosser has "corrected the problems," a plaintiff alleging denial of access to the courts must show that any denial of access to the court prejudiced her in pursuing litigation.  *Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006).  Because Plaintiff admits Defendant Crosser has corrected the problems, Plaintiff would not be able to show the alleged failure of Defendant Crosser's staff to provide Plaintiff's counsel with documents on January 4, 2013, prejudiced her in pursuing litigation.

11

2007) (finding no seizure where already-incarcerated plaintiff was transported from one facility to another).

Plaintiff's claims against Defendants Mora, Jones, and Kamran for violations of the Fourth Amendment properly are dismissed.[4]

In her proposed Second Amended Complaint, Plaintiff adds details to her claim that she was seized in violation of the Fourth Amendment. For instance, Plaintiff alleges the defendants woke her before dawn, surrounded her and forced her to get dressed, told her she had no choice but to go with them, loaded her into a van and drove over one hundred miles across two counties, two hours each way. (Doc. No. 23-1, ¶ 42.) None of these additional facts change the court's analysis, however, because Plaintiff was already in the custody of the CMHIP, her liberty had already been restrained, and there was no "seizure" for purposes of the Fourth Amendment. Plaintiff's motion to amend this claim properly is denied.

---

[4]Defendants Mora, Jones, and Kamran move to dismiss Plaintiff's Fourteenth Amendment claim against them for Plaintiff's failure to state a claim upon which relief can be granted. In her Amended Complaint, Plaintiff alleges these defendants "violated the Plaintiffs' . . . Fourteenth Amendment right to be free from unlawful seizures of her body without due process of law." (Am. Compl., ¶ 52.) However, this sole allegation is contained in Plaintiff's claim asserting Fourth Amendment violations. It is unclear to this court that Plaintiff intends to assert a Fourteenth Amendment claim. In her response to the Motion to Dismiss, Plaintiff confirms she has sued the CMHIP defendants for Fourth Amendment violations only. (*See* Resp. Mot. Dismiss at 2, 7.) Therefore, the court need not address Defendants' argument in this regard.

*3.      Qualified Immunity*

Defendants argue they are entitled to qualified immunity in their individual capacities because Plaintiff fails to state a claim.  (Mot. Dismiss at 13–14.)  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry.  First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right.  Second, . . . the court must decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  With regard to this second [prong], the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances presented.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).  "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.*

Because Plaintiff has failed to state claims for any constitutional violations, the defendants are entitled to qualified immunity in their individual capacities.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendants' Motion to Dismiss" (Doc. No. 15) be **GRANTED** and that this claims against Defendants Mora, Jones, Kamran, and Crosser be dismissed in their entirety; the court further

**RECOMMENDS** that Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 23) be **DENIED**.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of September, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge