IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–00031–REB–KMT

GABRIELE GUNDLACH,

    Plaintiff,

v.

MARIA MORA (Social Worker at CMHIP in her personal capacity),
PAMELA JONES (Charge Nurse at CMHIP in her personal capacity),
DR. EUGENE MCGUINN (Physician at CMHIP in his personal capacity),
DR. MYRA KAMRAN (Psychologist at CMHIP in her personal capacity), and
DEBRA CROSSER (Clerk of the Boulder County Combined Courts in her official and personal capacities,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on this court's "Order to Show Cause" (Doc. No. 28, filed September 5, 2013) and "Plaintiff's Response to Order to Show Cause" (Doc. No. 30, filed September 16, 2013).

    Plaintiff filed her Amended Complaint on April 9, 2013. (Doc. No. 13.) Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On September 5, 2013, after the deadline for the plaintiff to serve Defendant Dr. Eugene McGuinn expired, this court entered an Order for the Plaintiff to show cause in writing, on or before September 16 2013, why her claims against Defendant McGuinn should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. Plaintiff filed her response to the Order to Show Cause on September 16, 2013. (Doc. No. 30.) Plaintiff states

> Dr. Eugene McGinn was never served with the Amended Complaint because he was dropped as a Defendant when the Plaintiff amended the complaint. That was one of the reasons for filing the First Amended Complaint. He should have been terminated as a party in April. The Plaintiff apologizes if this was not clear.

(*Id.*)

Contrary to Plaintiff's assertion, Defendant McGuinn is named as a defendant in the caption of Plaintiff's Amended Complaint (Doc. No. at 1), he is listed as a party (*id.,* ¶ 4.c.), the Amended Complaint contains allegations against him (*see id.*, ¶¶ 42, 51), he is listed as a named defendant in the title of Plaintiff's claim for kidnapping and unlawfully seizing Plaintiff's body (*see id.* at 22), and Plaintiff seeks for damages against him (*see id.* at 26). Thus, it appears clear that Plaintiff intended to include Dr. McGuinn as a defendant.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against an unserved defendant unless the plaintiffs can show good cause for their failure to serve. *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992). Here, Plaintiff has failed to provide good cause for her failure timely to serve the defendant. Therefore, the court respectfully

**RECOMMENDS** that Plaintiff's claims against Defendant Dr. Eugene McGuinn be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of September, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge